[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Arthur W. Auxier, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of possession of marijuana in violation of R.C. 2925.11(A), a felony of the third degree as charged in the indictment. He was convicted of the offense after a jury trial.
At trial, the state presented evidence that the United Parcel Service had intercepted a package addressed to Auxier's residence. Officers searched the package pursuant to a warrant and found that it contained approximately 1785 grams of marijuana. A plain-clothes police officer delivered the package to Auxier's house, and Auxier signed for it by using the name "T. Hill."
Five minutes after the delivery of the package, officers executed a search warrant for Auxier's residence. Despite the officers' repeated knocking and shouting that they were executing a warrant, Auxier did not come to the door of the residence. The officers entered the house and asked Auxier about the package.[1] He denied any knowledge about a package, but, with the aid of a dog, the officers found the package in the basement of the home. The package had been concealed on a sofa under a pillow, and the sofa itself was partially hidden behind some tires and electric fans.
Auxier testified that he had signed for the package, believing that it had been intended for Teresa Hill, a woman who shared the residence with him. He denied any knowledge that the package contained marijuana. The jury returned a verdict of guilty, and this appeal followed.
In a single assignment of error, Auxier argues that the conviction was against the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
R.C. 2925.11(A) provides that, "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(C)(3)(d) further provides that, if the offender possesses more than one thousand grams but less than five thousand grams of marijuana, a violation of R.C. 2925.11(A) is a felony of the third degree.
In the case at bar, the conviction was not contrary to the weight of the evidence. The evidence showed that Auxier had signed for the package under an assumed name; that he had failed to answer the door when the police attempted to execute the warrant; that he had denied any knowledge of the package; and that he had concealed the package in the basement, all of which demonstrated that he had accepted the package with the knowledge that it contained marijuana. Though Auxier testified that he was not aware of the package's contents, we cannot say that the jury lost its way and created a manifest miscarriage of justice in finding him guilty. The assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Auxier was the only person present in the house, and the house had been under constant surveillance since the delivery of the package.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.